# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MITCHELL E. BUSHNELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **CITY OF CHANUTE, KANSAS,** ) | |
| ) | **Case No.** 12-cv-2589 RDR/KGS |
| **SERVE:** ) | |
| **City Clerk** ) | |
| **Chanute City Offices** ) | |
| **Memorial Building** ) | |
| **101 S. Lincoln** ) | |
| **Chanute, Kansas  66720,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **J.D. LESTER, City Manager of Chanute,** ) | |
| **Kansas, in both his official capacity** ) | |
| **and his individual capacity,** ) | |
| ) | |
| **SERVE:** ) | |
| **J.D. Lester** ) | |
| **Chanute City Offices** ) | |
| **Memorial Building** ) | |
| **101 S. Lincoln** ) | |
| **Chanute, Kansas  66720,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **JIM CHAPPELL, Mayor of Chanute,** ) | |
| **Kansas, in both his official capacity and** ) | |
| **in his individual capacity,** ) | |
| ) | |
| **SERVE:** ) | |
| **Jim Chappell** ) | |
| **Chanute City Offices** ) | |
| **Memorial Building** ) | |
| **101 S. Lincoln** ) | |
| **Chanute, Kansas  66720,** ) | |
| ) | |
| **AND** ) | |

|  |  |
|---|---|
| **CHANUTE CITY COMMISSION, JIM** | ) |
| **CHAPPELL, KEVIN V. BERTHOT,** | ) |
| **TIMOTHY EGNER, MARTHA** | ) |
| **MCCOY, GREGORY W. WOODYARD,** | ) |
| **ED COX, PHIL CHANEY AND** | ) |
| **RANDY GALEMORE** | ) |
| **Kansas, in both their official capacities as** | ) |
| **current or former City Commissioners** | ) |
| **and in their individual capacities,** | ) |
|  | ) |
| **SERVE:** | ) |
| **Chanute City Commissioners (as named)** | ) |
| **Chanute City Offices** | ) |
| **Memorial Building** | ) |
| **101 S. Lincoln** | ) |
| **Chanute, Kansas 66720** | ) |
|  | ) |
| **Defendants.** | ) |

## COMPLAINT

COME NOW Plaintiff Mitchell E. Bushnell, by and through counsel, and for his causes of action against Defendants states and alleges as follows:

## PARTIES

1. Plaintiff Mitchell E. Bushnell is an individual residing at 21270 Lakewood Place, Chanute, Kansas 66720, and he was a CAD Operator/Construction Inspector employed for more than a decade by Defendants until his wrongful termination effective January 4, 2011.

2. Defendant City of Chanute, Kansas is a municipal corporation and body politic duly created, organized, existing and operating pursuant to the laws of the State of Kansas

3. Defendant J.D. Lester is and was at all times relevant and material to this action the City Manager of Chanute, Kansas. At all times relevant to this complaint, said Defendant acted under color of law and in his official and individual capacity pursuant to the Constitution,

2

statutes, ordinances, regulations, policies, customs and usage of the City of Chanute, Kansas, the State of Kansas, and the United States.

4. Defendant Jim Chappell is and was at all times relevant and material to this action the Mayor or a City Commissioner of Chanute, Kansas. At all times relevant to this complaint, said Defendant acted under color of law and in his official and individual capacity pursuant to the Constitution, statutes, ordinances, regulations, policies, customs and usage of the City of Chanute, Kansas, the State of Kansas, and the United States.

5. Defendants the Chanute City Commission, Jim Chappell, Kevin V. Berthot, Timothy Egner, Martha McCoy, Gregory W. Woodyard, Ed Cox, Phil Chaney and Randy Galemore is and were at all times relevant and material to this action the City Commission and/or individual City Commissioners of Chanute, Kansas. At all times relevant to this complaint, said Defendants acted under color of law and in their official and individual capacities pursuant to the Constitution, statutes, ordinances, regulations, policies, customs and usage of the City of Chanute, Kansas, the State of Kansas, and the United States.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the acts complained of involve violations of Plaintiff's rights under the United States Constitution, and federal statutes, specifically 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA").

7. This Court has supplemental federal jurisdiction pursuant to 28 U.S.C. § 1367 to resolve Plaintiff's claims arising under Kansas law and public policy as the facts are so related to Plaintiff's federal law claims as to be part of the same case or controversy.

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because Defendants reside in the District, and the acts, transactions and events complained of herein and giving rise to Plaintiff's claims occurred in the District.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed with Defendants for over a decade as a CAD Operator/Construction Inspector until his wrongful termination on or about January 4, 2011.

10. At all times herein mentioned, Plaintiff was an "employee" of the Defendants within the meaning of the ADEA and Kansas common law, and he was entitled to all the benefits and protections of those laws.

11. The Defendants individually and/or jointly were "employer(s)" of Plaintiff within the meaning of the ADEA and Kansas common law.

12. Throughout his employment with the Defendants, Plaintiff was subject to the control of the Defendants as to the means and manner of accomplishing his work as an employee.

13. Defendants individually or collectively have employed 150 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

14. Throughout Plaintiff's employment he performed all duties of his job as required and exceeded the expectations of his position. Plaintiff is 54 year old.

15. Plaintiff was a successful and valued employee of the Defendants until the fall of 2010 when he was involved in reporting serious violations of law and public policy to Defendants' management, law enforcement and the Kansas Attorney General's office.

4

16. In the fall of 2010, Plaintiff's supervisor was under investigation by the Kansas Attorney General for his misuse of public funds for the private purchase of lots within the City of Chanute.

17. Plaintiff thereafter spoke truthfully about matters of public concern and reported illegal acts involving Defendants' managers and officials and their approval and request for payment of improper billings to the City to Kansas law enforcement officials and the Kansas Attorney General's office and he provided further truthful statements and information regarding Defendants' improper misdirection of public monies to a City contractor.

18. Also in the fall of 2010, Plaintiff refused Defendants' requests to process and pay improperly and illegally documented requests for payments to a City contractor, John Fry and/or Fry Environmental Technology, in excess of $40,000 and he spoke truthfully in stating that such actions were improper and illegal.

19. Rather than being praised for stepping up to report these illegal activities and for his refusal to make illegal and improper payments, Plaintiff was almost immediately thereafter retaliated against and ostracized for his actions.

20. When Plaintiff refused to authorize the improper payments, his supervisor confronted him and said: "You fucked up and you better have your ducks in a row, or it's going to cost you your job."

21. Shortly thereafter Defendants announced they intended to undergo a "reduction in force" and then consistent with a plan of retaliation, on January 4, 2011, Plaintiff was fired.

22. No other City employee was eliminated in this alleged "reduction" and in fact the other City employees received raises.

23. Although Plaintiff thereafter applied for an open position at substantially reduced pay, he was denied transfer or rehire to the open job and a substantially younger, less qualified individual was hired by the Defendants.

24. The treatment rendered Plaintiff by Defendants was based upon illegal actions of Defendants. The effect of the customs, patterns, practices, and policies pursued by Defendants has been to limit, segregate, classify and discriminate against Plaintiff in ways that jeopardize his career and tend to deprive him of employment opportunities, and otherwise adversely impact the terms, conditions and privileges of his status as an employee.

25. All of the actions or inactions described above or hereinafter below were accomplished by agents, servants, and/or employees of Defendant City of Chanute, Kansas, all acting within the course and scope of their relationship with Defendant City of Chanute, Kansas, and/or in his or her individual capacities. Defendants' adverse actions against Plaintiff were taken with bad faith and malice.

26. All of the conduct alleged herein occurred under color of state law, and constituted state action for constitutional purposes. Furthermore the conduct violated clearly established constitutional rights of which reasonable officials would have known. These rights specifically include such clearly established legal rights as these: the procedural due process rights to a hearing, notice, and opportunity to be heard in connection with his termination; the freedom of speech rights in connection with Plaintiff's statements set out herein; the substantive due process rights (1) not to be terminated for irrational, arbitrary, capricious, and/or unreasonable reasons, and (2) not to be treated in a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty, and also (3) not to be subjected to conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of

fairness, or is offensive to human dignity; the equal protection rights in that defendants had an illegitimate animus or ill-will motivating intentionally different treatment and no rational basis existed for such treatment.

27. Because the actions and inactions of Defendants were outrageous due to Defendants' evil motives or reckless indifference to the rights of others, Plaintiff is entitled to awards of punitive damages against the individual Defendants acting in their individual capacities and/or punitive or liquidated damages against the City Defendant and/or its officials.

28. All of the actions and/or omissions of Defendants took place pursuant to, and acting upon, the policies, practices, procedures, patterns, decisions, instructions, orders, and customs of Defendant City of Chanute, Kansas. Plaintiff alleges that Defendants are liable for damages caused by Defendants' intentional and/or wrongful and/or reckless and/or negligent acts and/or omissions while Defendants were acting within the course and scope of their employment. Defendants' actions and/or omissions occurred under circumstances where Defendant the City of Chanute and the individual Manager, Mayor and Commissioners are liable as a governmental entity, and as officials and individuals respectively.

29. Defendants' pattern of behavior and deliberate indifference led to the deprivations of rights, privileges, and immunities secured to Plaintiff by the federal and state Constitutions as well as federal and state laws, including but not limited to the following: a) deprivation of Constitutional rights as set out herein; b) inadequate training and instruction of employees as to the preservation of constitutional rights; c) inadequate supervision of employees as to the preservation of constitutional rights; d) inadequate discipline of employees as to the preservation of constitutional rights; e) acquiescence in the actions and omissions described throughout this pleading; f) failure to take remedial action against a known pattern of misconduct; g) deliberate

indifference and conscious disregard for a high risk that citizens' federally and state protected rights would be violated.

30. The said actions, omissions, policies, practices, procedures, patterns, decisions, instructions, orders, and customs of Defendants were the moving forces behind the Constitutional and other violations described in this pleading. Those things are established in part by proof of knowledge and acquiescence.

31. Defendants acted together in a joint venture and are jointly and severally liable to Plaintiff. Plaintiff alleges that the actions of the Defendants described herein were the actions of persons conspiring together, all being conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiff of rights guaranteed to him under the Constitution and laws of the United States and of Kansas, particularly those enumerated in this Complaint.

32. The described conduct violated clearly established federal and state protected rights of which every competent official in Defendants' respective positions would have, or should have, been aware. As to Defendants' actions and omissions toward Plaintiff, there was no objectively reasonable reliance on existing law.

33. Defendants were acting under color of state law during all times set out herein, specifically at the times the federal and state constitutional rights were violated.

34. Plaintiff's termination and/or the Defendants' refusal to hire or transfer him to open position(s) and/or the Defendants' disparate treatment of the terms and conditions of his employment were due to illegal age discrimination and/or in retaliation for his actions to report illegal conduct involving serious violations of law and public policy by the Defendants (whistle-blowing) and/or in retaliation for Plaintiff's exercise of his Constitutional rights and otherwise in violation of his rights as set forth herein.

35. Plaintiff suffered injuries and damages as a direct and proximate result of the acts of Defendants. Plaintiff specifically suffered deprivation of federal and state constitutional rights and also in connection therewith, suffered loss of employment, loss of income and benefits, professional damage, damage to reputation, emotional pain, worry, suffering, inconvenience, mental distress in the form of embarrassment, humiliation, and anxiety, nervousness, indignity, insult, loss of enjoyment of life and other damages.

36. On May 17, 2011, Plaintiff filed a timely charge alleging age discrimination, retaliation, and violations of law and public policy against the Defendants with the Equal Employment Opportunity Commission ("EEOC") (copy attached).

37. On or about June 7, 2012, the EEOC mailed a Notice of Right to Sue to Plaintiff (copy attached).

38. This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

39. Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – 42 U.S.C. § 1983

40. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1-39 above.

41. Defendants intentionally engaged in unlawful practices by denying Plaintiff his constitutional and legal rights, all in violation of 42 U.S.C. § 1983. These denials were done by policies, practices, procedures, patterns, decisions, instructions, orders and customs that took place under color of law.

42. Plaintiff was consequently deprived of his federal and state constitutional rights to substantive and procedural due process of law, freedom of speech, and equal protection, as well as his statutory and common law rights as set forth elsewhere herein.

43. The denials of Plaintiff's rights as set forth above and herein included but were not limited to the termination of his employment by Defendants in retaliation for his constitutionally protected speech on matters of public concern.

44. Plaintiff's exercise of his constitutional rights to free speech was a motivating factor in Defendants' adverse actions against him in the terms and conditions of his employment, including but not limited to his termination.

45. Defendants were personally involved in causing the alleged deprivations of his constitutional rights and separately and/or additionally, Defendants had actual and/or constructive knowledge that subordinates were also causing deprivations of constitutional rights.

46. The actions and inactions described above and below demonstrate that Plaintiff was unlawfully treated in the terms, conditions, and privileges incident to his employment, all in violation of 42 U.S.C. § 1983. Defendants maintained a custom, pattern, practice and policy of illegal treatment in employment opportunities, terms and conditions.

47. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered damages as set forth above and including but not limited to, economic loss in the form of lost wages and benefits; vocational-professional losses in the form of detrimental job record, loss of employment, career damage, damage to reputation and a diminished career potential; inconvenience, loss of enjoyment of life, and mental distress in the form of embarrassment, humiliation, anxiety, emotional pain and suffering,

48. As a further and proximate result of the unlawful acts of Defendants, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, permanent injunction, declaration of rights, reinstatement together with lost income and benefits, and his reasonable attorneys' fees and expenses incurred herein, pursuant to the provisions of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays under Count I of the Complaint that this Court find that Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by law. The Court is further asked to grant and award to Plaintiff the following against the Defendants in their respective, appropriate capacities: a) a permanent injunction enjoining Defendants (as well as their officers, agents, and employees) from the violative conduct described herein; b) a permanent injunction reinstating Plaintiff to his position; c) joint and several judgment in the amount allowed by law, for his damages, both actual and punitive with interest; d) costs and expenses of this action, including reasonable attorneys' fees; and, e) such other or further relief as this Court deems appropriate.

## COUNT II – 42 U.S.C. § 1985 (CONSPIRACY)

49. Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1-48 above.

50. Defendants acted in a joint venture, were jointly involved in the denial of Plaintiff's constitutional and other rights, and are jointly and severally liable to Plaintiff.

51. Plaintiff alleges that the actions of the Defendants described herein were the actions of persons conspiring together, all being conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiff of rights guaranteed him under

the Constitution and laws of the United States and of Kansas and particularly those enumerated in this Complaint.

52. All of the following are true regarding the conspiratorial actions of Defendants: a) the purpose of conspiring was to deprive, either directly or indirectly, Plaintiff of due process of law, freedom of speech, equal protection of the laws and equal privileges and immunities under the laws and his constitutional rights; b) Defendants acted in furtherance of the object of the conspiracy by taking the enumerated actions against Plaintiff; c) Plaintiff was deprived of having and exercising his rights and privileges as a citizen of the United States and of Kansas, all as set out herein.

53. Plaintiff suffered damages as direct and proximate result of the acts of Defendants, all as set out herein. Defendants acted directly in creating the cited violations by the actions and omissions described herein.

54. Plaintiff is entitled to actual damages as set forth above and punitive, exemplary damages (at least against the individual Defendants acting in their individual capacities as to the punitive damages) based upon all the facts set out herein.

55. Plaintiff is also entitled to and seeks his attorneys' fees and costs incurred in remedying Defendants violations as set forth herein.

WHEREFORE, Plaintiff prays under Count II of the Complaint that this Court find that Defendants conspired to deprive Plaintiff of rights, privileges, and immunities secured to him by law. The Court is further asked to grant and award to Plaintiff the following against the Defendants in their respective, appropriate capacities: a) a permanent injunction enjoining Defendants (as well as their officers, agents, and employees) from the violative conduct described herein; b) a permanent injunction reinstating Plaintiff to his position; c) joint and

several judgment in the amount allowed by law, for his damages, both actual and punitive, with interest; d) costs and expenses of this action, including reasonable attorneys' fees; and, e) such other or further relief as this Court deems appropriate.

## COUNT III – AGE DISCRIMINATION (ADEA)

56. Plaintiff incorporates by reference the allegations of paragraphs 1 through 55 above.

57. Plaintiff's age was a motivating and/or determining factor in Defendants' intentional decision to discriminate against him in the terms and conditions of his employment including but not limited to by terminating his employment with Defendants and refusing to transfer or rehire him while instead hiring a substantially younger, less-qualified employee, while articulating false reasons for Plaintiff's termination and the refusal to transfer or rehire him.

58. The discriminatory actions of Defendants detrimentally affected Plaintiff.

59. Plaintiff complained about the discriminatory actions to Defendants' management and demanded that the discrimination cease.

60. Defendants knew, or should have known, of the age discrimination against Plaintiff.

61. Defendants failed to take prompt and appropriate corrective action to end the age discrimination against Plaintiff.

62. Defendants failed to make good faith efforts to enforce their policies to prevent age discrimination against their employees, including Plaintiff.

63. Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

64. As a direct result of Defendants' illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count III, jointly and severally, and requests an award of his actual damages including but not limited to his lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, interest, and any such other relief as the Court deems just and proper.

### COUNT IV– KANSAS PUBLIC POLICY (WHISTLE-BLOWING)

65. Plaintiff incorporates by reference the allegations of paragraphs 1 through 64 above.

66. During the course of his employment with the Defendants, Plaintiff learned that the Defendants and their managers, employees and agents were engaged in serious violations of rules, regulations and/or the law pertaining to public health, safety, and the general welfare, including violations of laws and regulations designed to protect the theft, embezzlement or otherwise improper or unauthorized use of public funds.

67. The serious violations of the Defendants included but were not limited to the improper payment of public monies without proper authorization including but not limited to authorizing tens of thousands of dollars to be paid to John Fry and/or Fry Environmental Technology without legal basis or authority or otherwise not in accordance with applicable City and State laws and/or policies concerning the payment of funds to contractors.

68. A reasonably prudent person in Plaintiff's position would have similarly concluded that the Defendants were engaging in serious violations of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

69. Because of his good faith concern and desire to correct these violations, Plaintiff reported to the Defendants and to various law enforcement officials that the Defendants were engaging in serious violations of rules, regulations, or the law pertaining to public health, safety, and the general welfare, and he also refused to authorize or permit or participate in further violations and improper payments of funds as requested by Defendants.

70. The Defendants were aware of Plaintiff's reports of serious violations of law pertaining to public health, safety, and the general welfare prior to subjecting him to adverse employment actions, terminating his employment, and refusing to transfer or re-hire Plaintiff in another position.

71. The Defendants retaliated against Plaintiff in the terms and conditions of his employment because of his reports of serious violations of law pertaining to public health, safety, and the general welfare, including but not limited to, by illegal termination of his employment and refusal to transfer, reinstate or rehire Plaintiff to an alternative position.

72. As a direct and proximate result of the Defendants' illegal retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, loss of self-esteem, humiliation, and other nonpecuniary losses.

73. The Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award

15

of punitive damages in an amount sufficient to punish the Defendants and to deter the Defendants from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally on Count IV, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By  /s/  Eric W. Smith
    Eric W. Smith    KS #16539
    Rik N. Siro    KS FED #77812
    Athena M. Dickson    KS #21533
    Kathleen E. Mannion    KS #25362
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    esmith@sirosmithdickson.com (email)
    rsiro@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    kmannion@sirosmithdickson.com (email)
    **ATTORNEYS FOR PLAINTIFF**