IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MITCHELL E. BUSHNELL,           )
                                )
            Plaintiff,          )
                                )
    v.                          )           Case No. 12-2589-RDR
                                )
CITY OF CHANUTE, KANSAS, *et al.*,  )
                                )
            Defendants.         )

## MEMORANDUM AND ORDER

This matter comes before the court upon defendants' motion for a more definite statement (ECF No. 22). Defendants seek an order requiring plaintiff to amend his complaint to state which acts alleged in the complaint are attributable to which of the defendants. For the reasons stated below, defendants' motion is granted.

Fed. R. Civ. P. 12(e) states that parties "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Generally, courts disfavor motions for a more definite statement because of the minimal pleading requirements under the Federal Rules of Civil Procedure.[1] These motions "are properly granted only when a party is unable to determine the issues to which it needs to respond."[2] In other words, "[a] motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form

---

[1] *Boilermaker-Blacksmith Nat'l Pension Fund v. Lintec Corp.*, No. 10-2409-JTM, 2011 WL 1303359, at *3 (D. Kan. Apr. 6, 2011).

[2] *Id.*

of a denial or admission."[3] A motion for a more definite statement "must point out the defects complained of and the details desired."[4]

A motion for a more definite statement must be considered in conjunction with Fed. R. Civ. P. 8(a)'s pleading requirements.[5] The rule requires that a complaint state the grounds for jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief"[6] so as to provide opposing parties with "fair notice of what the . . . claim is and the grounds upon which it rests[,]" and a demand for relief.[7] "The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief."[8] "When a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process."[9] But when a complaint fails to meet federal notice-pleading requirements, the court may properly require a more definite statement.[10]

---

[3] *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

[4] Fed. R. Civ. P. 12(e).

[5] *Mechler v. United States*, No. 12-1183-EFM-GLR, 2012 WL 5289627, at *1 (D. Kan. Oct. 23, 2012).

[6] Fed. R. Civ. P. 8(a).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[8] *Berg v. Frobish*, No. 12-1123-KHV-KGG, 2012 WL 3112003, at *4 (D. Kan. July 31, 2012) (quoting *Ramos-Hernandez v. United States*, 11-1073-BNB, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011)).

[9] *Melcher*, 2012 WL 5289627, at *2.

[10] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

In this case, plaintiff has sued the City of Chanute, Kansas as well as nine city officials in both their official and individual capacities. Plaintiff asserts 42 U.S.C. § 1983 claims against the defendants for alleged violations of his substantive and procedural due process rights, his right to free speech, and his equal protection rights. He also asserts a conspiracy claim under 42 U.S.C. § 1985, a Kansas whistleblower claim, and an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. Highly summarized, plaintiff's complaint alleges his employment was terminated after he was involved in reporting city officials' alleged violations of law and public policy. Plaintiff also alleges defendants discriminated against him on the basis of age. Even though plaintiff's complaint names ten defendants, nine of whom are named in both their individual and official capacities, the complaint contains only allegations attributable to "defendants" generically. The complaint fails to specify which defendant performed which act. Defendants argue this is insufficient to put each of them on notice about claims asserted against them and the grounds upon which the claims rest. Because of this, defendants say that cannot adequately frame a response to plaintiff's complaint. Plaintiff, on the other hand, argues that defendants are seeking nothing more than additional factual details that should be elicited through discovery.

Section 1983 claims against multiple government actors in both their individual and official capacities pose a greater likelihood of notice failures.[11] Oftentimes, these defendants may assert a qualified immunity defense, which the court must resolve "at the earliest possible stage of litigation."[12] The Tenth Circuit has noted that the trial court "is under an obligation to

---

[11] *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (2008).

[12] *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

'exercise its discretion in a way that protects the substance of the qualified immunity defense.'"[13]
This may include granting a "motion for a more definite statement under Rule 12(e), to 'insist
that the plaintiff put forward specific, nonconclusory factual allegations' to assist the court in
determining whether qualified immunity ought to be imposed at the earliest possible stage or
whether the complaint is sufficiently plausible that it merits imposition of the burdens of
discovery on state actors."[14]

 In the context of § 1983 claims against public officials in their individual capacities, the
Tenth Circuit has stated that to meet notice-pleading requirements, the complaint must "make
clear exactly *who* is alleged to have done *what* to *whom*," so as to provide the individual
defendants with fair notice of the claims against them as distinguished from the collective
allegations.[15] To that end, in *Robbins v. Oklahoma*, the Tenth Circuit has held that a complaint
did not meet notice-pleading requirements when a plaintiff failed to isolate the allegedly
unconstitutional acts of each individual defendant, instead attributing conduct to "defendants"
generically.[16] In that case, the parents of an infant who had suffered fatal injuries at a subsidized
day care brought a § 1983 action against the director of the Oklahoma Department of Human
Services, department social workers, and other unnamed department employees. The court noted
that the acts allegedly committed by the director likely differed from those allegedly committed
by the social workers. The Tenth Circuit concluded that, "Given the complaint's use of either the
collective term 'Defendants' or a list of the defendants named individually but with no

---

[13] *Id.* at 1249 n.2 (quoting *Crawford-El v. Britton*, 523 U.S. 547, 597-98 (1998)).

[14] *Id.* (quoting *Crawford-El*, 523 U.S. at 597-98).

[15] *Id.* at 1250 (emphasis in original).

[16] *Id.*

distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."[17] Because of this, the Tenth Circuit found the complaint failed to satisfy Rule 8(a)'s standard of fair notice.

The Tenth Circuit reached the same conclusion regarding similarly pled factual allegations in *VanZandt v. Oklahoma Department of Human Services*.[18] In that case, plaintiffs had brought a § 1983 action, naming various government officials in both their individual and official capacities. The complaint contained allegations concerning the defendants collectively. The Tenth Circuit found that by failing to individualize each defendant's alleged acts of misconduct from the group of the defendants collectively, the complaint failed to provide adequate notice to each defendant.[19]

Of course, the Tenth Circuit has also cautioned that "[c]ontext matters in notice pleading" and often depends on the particulars of the type of case.[20] Therefore, there could be circumstances when allegations against defendants collectively in § 1983 suits are sufficient to put each of the defendants on notice. For example, this may be sufficient if the actions alleged occurred during narrow timeframes, or if the complaint names a relatively small number of individuals or individuals who held the same positions, or if the complaint sufficiently distinguishes between actions taken by individual defendants and actions taken by the governmental entity.[21]

---

[17] *Id.*

[18] 276 Fed. App'x 843 (10th Cir. 2008).

[19] *Id.* at 848-49.

[20] *Robbins*, 519 F.3d at 1248 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230-31 (3d Cir. 2008)).

[21] *See, e.g., Bark v. Chacon*, No. 10-cv-01570-WYD-MJW, 2011 WL 1884691, at *5 (D. Colo. May 18, 2011) (finding that a complaint asserting claims under § 1983 was sufficient because the factual allegations related to a single incident involving law enforcement officials who were alleged to have been present during the incident or

This is not the case here, however. Plaintiff's factual allegations do not distinguish between the governmental entity being sued and the individual defendants. Moreover, like the defendants in *Robbins*, the individual defendants here occupy different governmental positions. Plaintiff has named the city manager, the mayor, and both current and former city commissioners. It would be reasonable to assume that these individuals had different roles in the incidents giving rise to plaintiff's claims. Similarly, the scope of the factual allegations in the complaint span months versus a narrow, discrete set of events—such as an arrest. Because the complaint's references to defendants as a collective group does not meet notice-pleading requirements in this case, plaintiff must file an amended complaint that makes clear which defendant is alleged to have committed which act.

Of course, *Robbins* concerns claims brought under § 1983. But here, plaintiff asserts other claims as well. Plaintiff's complaint, however, incorporates the same core factual allegations as to all of the claims he brings. For example, under each count set out in plaintiff's complaint, he incorporates all of the complaint's preceding paragraphs. For this reason, the court will not separately address whether allegations against defendants collectively meet notice-pleading requirements as to the remainder of plaintiff's claims because the court has already found that these facts do not meet notice-pleading requirements for the claims brought under § 1983.

Within fourteen (14) days from the date of this order, plaintiff shall file an amended complaint containing a more definite statement of his claims against each of the defendants. Plaintiff's amended complaint must specify which claims he is asserting against each of the

---

acted in concert); *AMPC, Inc. v. Fogarty*, No. 08-249-L, 2008 WL 4279780, at *2 (W.D. Okla. Sept. 12, 2008) (finding that a compliant asserting claims under § 1983 provided fair notice to two of the three individual defendants when the complaint alleged the actions took place during discrete timeframes and mentioned the two individual defendants by name).

defendants. The amended complaint must also identify which of the individual defendants committed which acts alleged in the complaint. While the court appreciates plaintiff's argument that the discovery process will enable him to gather all of the factual information necessary to confirm he has properly tailored each of his claims, plaintiff is also required to have some basis for the factual allegations he has asserted in his complaint.[22]

Accordingly,

**IT IS THEREFORE ORDERED** that upon defendants' motion for a more definite statement (ECF No. 22) is granted. Within fourteen (14) days of the date of this order, plaintiff shall file an amended complaint that contains the information described in this memorandum and order.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[22] *See* Fed. R. Civ. P. 11(b)(3) (stating that pleadings and other filings with the court represent a certification that "the factual contentions have evidentiary support, or, . . . will likely have evidentiary support after a reasonable opportunity for further investigation and discovery;").