IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MITCHELL E. BUSHNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-2589-RDR ) |
| CITY OF CHANUTE, KANSAS, J.D. LESTER, JIM CHAPPELL, KEVIN V. BERTHOT, TIMOTHY EGNER, MARTHA McCOY, GREGORY W. WOODYARD, ED COX, PHIL CHANEY and RANDY GALEMORE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Plaintiff contends that he was terminated from his position with the City of Chanute due to his age and because he exercised his constitutional rights. He asserts various constitutional claims under 42 U.S.C. § 1983, a claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and a state law claim based upon whistleblowing. He has named the following defendants in his § 1983 claim: City of Chanute; J.D. Lester, City Manager; Jim Chappell, Mayor; Kevin V. Berthot, City Commissioner; Timothy Egner, City Commissioner; Martha McCoy, City Commissioner; Gregory W. Woodyard, City Commissioner; Ed Cox, City Commissioner; Phil Chaney, City Commissioner; and Randy Galemore, City Commissioner. With the exception of defendant Lester, he has sued the individual defendants only in their official capacities. This matter is presently before the court upon the motion to dismiss of

defendants Chappell, Berthot, Egner, McCoy, Woodyard, Cox, Chaney and Galemore.

In their motion, the individual defendants seek dismissal of plaintiff's § 1983 claim against them because (1) plaintiff has failed to state a claim against each of them upon which relief can be granted; and (2) the claims against them in their official capacities are duplicative. Plaintiff has acknowledged that the claims against these defendants are brought against them in their official capacities. Plaintiff, recognizing that such claims are actually claims against the City of Chanute, has suggested that the individual defendants were named as defendants in an abundance of caution. Plaintiff asserts that the Tenth Circuit has not determined that such claims are improper and must be dismissed.

Based upon the arguments of the parties, the court finds it necessary to consider only defendants' argument that the claims against them should be dismissed because they are duplicative. A suit against a government official in his "official capacity" is not a suit against the official but rather is a suit against the official's office. Brown v. Montoya, 662 F.3d 1152, 1163 n. 8 (10th Cir. 2011)(quoting Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)). An official capacity claim is "to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473

2

U.S. 159, 166 (1985). As a result, claims against individual defendants sued in their official capacity have been dismissed where the entity whose policies are at issue is also a defendant. Smith v. Bd. Of Cnty. Comm'rs, 216 F.Supp.2d 1209, 1219 (D.Kan. 2002)(dismissal of individuals sued in their official capacity "is warranted as a matter of judicial economy and efficiency").  The City of Chanute is a named defendant in this case and is the entity which must be treated as the real party in interest with respect to plaintiff's official capacity claims against the mayor and the city commissioners.  The court therefore finds and concludes that these individual defendants are superfluous as named defendants in their official capacity, and dismissal of plaintiff's official capacity claim against them is warranted as a matter of judicial economy and efficiency.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 31) be hereby granted.  Defendants Jim Chappell, Kevin V. Berthot, Timothy Egner, Martha McCoy, Gregory W. Woodyard, Ed Cox, Phil Chaney, and Randy Galemore are hereby dismissed from this action.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2013 at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge